## ROBERT J. FOX et al. *v.* JOHN H. HILLIARD.

1. BILLS OF EXCHANGE AND PROMISSORY NOTES: PAYABLE TO BEARER: LEGAL TITLE PASSES BY DELIVERY.—If the mortgagee of a note, payable to bearer, deliver it to an attorney as the property of the mortgagor, and with instructions to sue on it in the mortgagor's name, it is sufficient to invest the mortgagor with the legal title, and to authorize him to maintain an action on the note in his own name.

2. PLEADING : EVIDENCE: ONUS PROBANDI.—An affirmative averment, in the replication, of immaterial matter, coupled with a denial of the defence affirmatively pleaded, will not change the burden of proof, of the issue, from the defendant to the plaintiff.

3. SAME: PLEADING PART DEFENCE: DEMURRER.—Where a plea purports to be an answer to the whole cause of action, but is, in reality, only a defence to a part of the complaint, the plaintiff cannot treat it as a nullity, but must make his objection by demurrer.

ERROR to the Circuit Court of Lawrence county. Hon. John E. McNair, judge.

Hilliard, the defendant in error, sued Fox and others, the plaintiffs, to the April Term, A. D. 1854, of the court below, upon a

note made by them for $1400, dated 26th of May, 1853, and due nine months after date, and payable to said Hilliard or bearer. The defendants pleaded, 1st, the general issue ; 2d, that the defendants executed the note, in consideration of a tract of land sold by Hilliard to Fox, upon the express agreement, on the part of Hilliard, that he would immediately execute and deliver to Fox a good warranty deed in fee simple, for said land; and that Hilliard had hitherto wholly failed to execute such a deed.   Plaintiff demurred to the plea, and his demurrer was overruled.   Afterwards, the defendants pleaded another special plea, which commenced as follows : "And for further answer, &c., the defendants say that the plaintiff ought not to have, or maintain his aforesaid action against them, because," &c.   The plea then avers, that $1200 of the amount of said note was given to secure the purchase-money of a tract of land sold by Hilliard to Fox; that Hilliard falsely and fraudulently represented that he had a good and perfect title to all the said land, but that he had no title as to sixty-four acres of the same; and that defendant Fox, relying on the truth of the representation aforesaid, bought the land, and executed the note sued on, with the other defendants, his sureties.

The plaintiff's demurrer to this plea was sustained. · The plaintiff's replication to the defendants' second plea, "denied that he promised to execute a good warranty deed, as therein alleged;" and averred, "that he did execute and deliver to defendant Fox, a good and sufficient deed to said land, which said Fox accepted;" and further, "that Fox was in possession of the land, and had not been evicted, and that there was no substantial defect in the title."

The cause was submitted to a jury, upon the answer of general denial, and the issue made by the replication to the second plea, and they found a verdict for the plaintiff.   The defendants moved for a new trial, which being refused, they excepted, and sued out this writ of error.

Upon the trial, the plaintiff read the note sued on, and rested his case.   The defendants then read in evidence a mortgage executed by plaintiff on the 18th of June, 1853, by which the note in suit and other property, was conveyed to Alvin L. Smith, to secure the payment of a note to Larkin Smith, for $3500, due 1st of January, 1856, and on which Alvin L. Smith was surety for plaintiff.   The

defendants also proved, by the executrix of Alvin L. Smith, that since the death of her testator, she had paid $1700 on said note, and that the balance was still due, and unpaid.

The plaintiff then proved, by E. J. Goode, that before this suit was commenced, that said Alvin L. Smith placed the said note in his hands for collection, saying that it belonged to Hilliard, and that he wished witness to collect it, as attorney for Hilliard ; that witness took the note, and gave a receipt, which he produced, and which acknowledged the reception of the note " of Jno. H. Hilliard, per Alvin L. Smith." The witness further stated, that he believed that Hilliard was out of the State, at the time Smith handed the note to him.

This was all the evidence in the cause.

· *W. P. Harris*, for plaintiffs in error,
Cited Gould Pl. 361, 363, 364 ; *Ross* v. *Wilson*, 7 S. & M. 753.

*J. F. Foute*, for defendant in error,
Cited 13 S. & M. 108; 26 Miss. R. 291 ; 12 S. & M. 482 ; 5 Ib. 373 ; 6 Ib. 478.

SMITH, C. J., delivered the opinion of the court.

This was a suit, brought in the Circuit Court of Lawrence, upon a note made by Robert J. Fox and others, payable to the defendant in error, or bearer. The defendants filed first an answer, denying, generally, the allegations of the complaint ; and secondly, a special answer, in which it was averred that the note sued on was given in consideration of a tract of land, which the defendant, Robert J. Fox, had purchased of the said Hilliard, upon the express understanding and agreement of the said Hilliard, that he would immediately make, execute, and deliver to said Fox, a deed, containing full covenants of warranty ; and alleging, that Fox did not immediately, nor at any time, either before or since the commencement of this action, execute and deliver said deed, as by the terms of his agreement he was bound to do. A demurrer was filed to this answer, which was overruled ; whereupon the plaintiff replied, and issue was joined on replication.

The defendants then, under leave of court, filed an additional

answer, to which there was a demurrer, and the demurrer was sustained; and the cause having been submitted, on the issues joined upon the first and second answers, a verdict and judgment were rendered against the defendants, who, upon the overruling of their motion for a new trial, excepted, and sued out this writ of error.

The grounds upon which it is insisted that the judgment should be reversed, are, 1st, that the demurrer to defendants' second special answer was improperly sustained; and 2d, that there was error in the refusal to grant a new trial.

In support of the latter exception, it is assumed first, that, as shown by the evidence, the plaintiff was not the owner of the legal title to the note sued on; hence, he had no right to maintain the action; and, secondly, that the verdict should have been rendered for the defendants, upon the issue joined upon the replication to defendants' first special answer; for the reason that no proof whatever was adduced by the plaintiff in support of the averments in said replication.

The note, declared on, was payable to bearer. It was, hence, not necessary to a transfer of the legal title, that it should have been indorsed by the payee, or transferred by assignment, indorsed upon the note. The legal title would pass and vest in the assignee or transferree, by mere delivery. It is not, therefore, to be questioned that the legal title vested in Smith, the mortgagee in the deed executed by the plaintiff. But, while this is true, we do not doubt that, under the facts established by the evidence, the plaintiff became, again, the legal holder of the note, and was consequently entitled to sue upon it in his own name.

The second objection to the verdict, or rather to the judgment on the motion for a new trial, proceeds upon the assumption, that under the issue joined upon the plaintiff's replication to the first special answer, the *onus* was upon the plaintiff to prove the truth of the averment, that he did execute and deliver a good and sufficient deed to the defendant Fox, which was accepted by him. But this assumption results from a misconception of the issue presented by the pleadings.

The defendants alleged, that "the note (in suit) was made and delivered to the said plaintiff, upon his express promise and agreement to make, execute, and deliver, immediately, to said defendant Fox,

the deed containing full and complete warranties against the claims and demands of all persons, whatsoever, against the said land," and averring a failure on the part of the plaintiff to perform the agreement.

This allegation is explicitly denied in the replication. And, although it alleges that the plaintiff did execute and deliver to the defendant Fox, a good and sufficient deed for the land, and which was accepted by him, &c., it is manifest, that the true issue was, whether the note was made and delivered upon the alleged understanding and agreement, and whether the plaintiff had not failed to comply with its terms; and not whether the plaintiff did or did not execute and deliver a good and sufficient deed, &c., as alleged by him. It devolved upon the defendants to prove the agreement, as alleged; and upon no principle of pleading was it incumbent on the plaintiff until that was done to introduce evidence showing that he had performed the agreement. And it is clear, supposing the agreement, alleged in the answer to have been proved, that it would have been incompetent for the plaintiff to have offered any evidence under the affirmative averments in the replication, for the reason that proof of those averments would not have been proof of the execution of the agreement alleged in the answer.

It follows that this exception is unfounded; and we will proceed to examine the question presented by the demurrer to the defendants' second special answer.

The "Pleadings Act" has rendered many of the rules of pleading, theretofore recognized in this State, altogether inapplicable; but by whatever rule we test the action of the court upon this point, the same result will follow.

The first and second answers each presented a full and complete defence to the action. Assuming, therefore, for the present, that the third answer purported to be a defence to the whole cause of action, but nevertheless the matters thereby set up advert only to a part of the complaint, according to the settled doctrine, the plaintiff was not authorized to treat it as a nulity, and to sign judgment, as for want of a plea, but was driven to a demurrer.

The rules on the subject are, that though the defence, in all cases, must cover the whole cause of action, it is not necessary that the whole defence should be presented by a single plea. It is

sufficient, if the whole matter of defence cover the whole complaint, and every plea to the action is treated as a plea to the whole declaration or *gravamen,* unless expressly limited to a part of it, by beginning as an answer to a part only. But if the plea purports to answer only a part of the complaint, and is in law a sufficient answer to that part only,—the other part remaining unanswered,—the plea is void, and hence, is considered as no plea. In such a case, if the plaintiff demur, it will operate a discontinuance.

But in this case, the plaintiff's demurrer did not operate a discontinuance of the action, as the plea purported to be an answer to the whole complaint. And it is manifest that it was correctly sustained, as the matters alleged in the answer, if well pleaded, constituted a defence to only part of the demand.

Judgment affirmed.